UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 19-172-DCR |
| Plaintiff/Respondent | ) | and |
| | ) | Civil Action No. 5: 24-131-DCR |
| V. | ) | |
| | ) | |
| MARIO VELASQUEZ-GOMEZ, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant Mario Velasquez-Gomez previously filed a motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 210] In addition, Velasquez-Gomez filed two motions to amend his initial filing. [Record Nos. 219 and 220] Consistent with local practice, the motions were referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation ("R&R").

Magistrate Judge Smith issued her R&R on November 25, 2024, recommending that all pending motion be denied. [Record No. 222] The Court adopted the Magistrate Judge's report in full and denied Velasquez-Gomez's § 2255 motion on December 16, 2024. [Record No. 224]

Almost a year later, Velasquez-Gomez filed the pending motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Judgment dismissing his § 2255 claims. [Record No. 230] He requests that the Court grant relief so he may file objections to the Magistrate Judge's R&R. Velasquez-Gomez explains that, although the R&R was entered on November 25, 2024, he did not receive a copy until December 10, 2024. [*Id.*]

Because the Court adopted the R&R on December 16, 2024, he contends he was not afforded the full fourteen days after service to file objections. [*Id.*]

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, courts may reopen a defendant's case under Rule 60(b)(6) for "any other reason that justifies relief." The Rule has an "unquestionably valid role to play in habeas cases," and may be invoked when a defendant "is attempting to reopen his 2255 proceedings so that the merits of his 2255 motion may be determined in the first instance." *Id.* at 534; *United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 930455, at *2 (M.D. Pa. Mar. 9, 2017).

Even assuming Velasquez-Gomez demonstrated that he was unable to file timely objections due to mail delays, that fact would not warrant reopening his case because considering the defendant's objections would not affect the Judgment. "A district court's failure to consider timely objections before adopting a magistrate judge's R&R is a reversible error only when a movant suffers prejudice." *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (citation omitted). Here, the defendant cannot show that he suffered prejudice here due to his failure to file objections because the Court conducted a thorough review of the Magistrate Judge's R&R in ruling on his § 2255 motion. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). In this case, the Court reviewed the issues and the Magistrate Judge's R&R *de novo* and agreed with all her findings and conclusions. [Record No 224 at 1]

Accordingly, it is hereby

**ORDERED** that Defendant Mario Velasquez-Gomez's motion for relief from Judgment [Record No. 230] is **DENIED**.

Dated: December 11, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky