UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 19-172-DCR |
| Plaintiff/Respondent | ) | and |
| | ) | Civil Action No. 5: 24-131-DCR |
| V. | ) | |
| | ) | |
| MARIO VELASQUEZ-GOMEZ, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant Mario Velasquez-Gomez previously moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [Record No. 210] He later filed two motions to amend that motion. [Record Nos. 219, 220] Consistent with local practice, the Court referred the motions to United States Magistrate Judge Candace J. Smith for a Report and Recommendation ("R&R").

On November 25, 2024, Magistrate Judge Smith issued an R&R, recommending the denial of defendant's Motions to Amend his 28 U.S.C. § 2255 Motion and his § 2255 Motion. [Record No. 222] She also recommended that a Certificate of Appealability be denied. [*Id.*] The Court adopted the R&R in full and denied Velasquez-Gomez's § 2255 motion on December 16, 2024. [Record No. 224]

Nearly a year later, Velasquez-Gomez moved for relief from the Judgment dismissing his § 2255 claims. [Record No. 230] He sought leave to file objections to the R&R asserting that, although the R&R was entered on November 25, 2024, he did not receive it until December 10, 2024, leaving him less than fourteen after service days to file objections before

- 1 -

the Court adopted it. [*Id.*] The Court denied Velasquez-Gomez's 60(b) motion. [Record No. 231] Velasquez-Gomez appealed that denial. [Record No. 232]

The United States Court of Appeals for the Sixth Circuit informed Velasquez-Gomez that his appeal may proceed only if this Court or the Sixth Circuit issues a Certificate of Appealability ("COA") identifying at least one issue for review. [Record No. 233] This Court declines to issue a COA.

The Court denied Velasquez-Gomez's Rule 60(b) motion because "a district court's failure to consider timely objections before adopting a magistrate judge's R&R is a reversible error only when a movant suffers prejudice." [Record No. 231 at 2 (quoting *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (citation omitted).)] The Court concluded that Velasquez-Gomez could not show that he suffered prejudice because it conducted a thorough review of the Magistrate Judge's R&R when ruling on his § 2255 motion. [*Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").)] Because the Court reviewed the issues and the Magistrate Judge's R&R *de novo* and agreed with all findings and conclusions, the Court found that the defendant suffered no prejudice from his inability to file objections. [*Id.* (citing Record No. 224 at 1.)]

Therefore, the Certificate of Appealability will not issue as Velasquez-Gomez has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has he demonstrated that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the denial of Velasquez-Gomez's Rule 60(b) motion or

conclude that the issues presented "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Accordingly, it is hereby **ORDERED** as follows:

1. A Certificate of Appealability will not be issued.

2. The Clerk is directed to forward a copy of this Order to the United States Court of Appeals for the Sixth Circuit.

Dated: January 8, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky